E-FILED
Tuesday, 20 February, 2007  03:17:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM L. CARTER,
    Plaintiff,

    vs.                                            No. 07-1030

CHRISTINA BEASLEY, et.al.,
    Defendant.

ORDER

This cause is before the court for merit review of the plaintiff's complaint.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

A review of the plaintiff's litigation records shows that he has earned three strikes.[1]   The plaintiff has not paid the filing fee and instead has filed a motion to proceed *in forma pauperis*. 28 U.S.C. § 1915(g) states that "in no event shall a prisoner bring a civil action . . . under this section . . . if the prisoner has . . . [three strikes] . . ., unless the prisoner is under imminent danger of serious physical injury."  Therefore, the plaintiff cannot proceed with this lawsuit unless he demonstrates that he is in imminent danger.

The plaintiff  brings this lawsuit pursuant to 42 U.S.C. §1983 against three defendants at the Pontiac Correctional Center: Medical Technician Christina Beasley, Team Member Anabelle Motteler and Adjustment Committee Chairperson David Lingle.

The plaintiff claims Defendant Beasley wrote a false disciplinary report against him on May 18, 2006.   The report accuses the plaintiff of three offenses: Sexual Misconduct for masturbating in front of the medical technician, giving false information to an employee and disobeying a direct order.  The plaintiff says he did not commit any of these offenses, but he was found guilty after a May 26, 2006 Adjustment Committee hearing.  Several disciplinary measures were imposed including the loss of six months of good time credits.  The plaintiff does

_____

[1] *Carter v. Mote*, case number 04-cv-1207 and *Carter v. Mote*, 04-cv-1255, were both dismissed by this court for failure to state a claim on July 23, 2004 and October 7, 2004, respectively.  Also, *Carter v. Bigley*, case number 03-cv-0468, was dismissed as frivolous on November 7, 2003, by the Honorable Judge Stiehl in the Northern District of Illinois.

not claim that this finding was ever overturned or expunged.    The court also notes this is the second time the plaintiff has filed a complaint making this same allegation.  In *Williams v Beasley*, Case No.06-1233, the court previously explained to the plaintiff that his claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

This time the plaintiff also alleges that Defendant Beasley stabbed him in the arm with an ink pen on December 10, 2006 and threatened to have him killed on May 18, 2006.  The plaintiff does not allege that he is in imminent danger from Defendant Beasley.  In fact, the plaintiff's complaint and motion to proceed *in forma pauperis* make no mention of the three strikes he has previously accumulated.

The court finds that the plaintiff is not in imminent danger.   The allegations he has made against the Defendant occurred more than a year ago and eight months ago.   The imminent danger exception is reserved for "genuine emergencies" where "a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury' . . ." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Therefore, the plaintiff's *in forma pauperis* motion is denied. [d/e 1]  In addition, the case is dismissed.  The plaintiff was clearly aware that he had three strikes pursuant to 28 U.S.C. § 1915(g).  The first time the plaintiff filed the same basic claim against these three defendants he mentioned this section and argued that his case fit the imminent danger exception. *See Williams v Beasley*, Case No.06-1233.  The plaintiff also provided case numbers for most of his previous cases.  His case was dismissed.

Now the plaintiff files the same claim along with two additional allegations, but makes no mention of his three strikes status.    The court agrees with the reasoning in *Sloan v. Lesza.* 181 F.3d 857, 859 (7th Cir. 1999) which states:

> An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that §195(g) applies to a particular litigant will lead to immediate termination of the suit.

The plaintiff is also advised that if he files another lawsuit without specifically informing the court of his three strikes status, the court will enter an order requiring him to pay in full the outstanding fees in all civil actions he has filed or the clerk of the court will return unfiled all future papers he tenders. *See Sloan,* 181 F.3d 857; *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS THEREFORE ORDERED that:**

**(1) The plaintiff's motion to proceed in forma pauperis is denied. [d/e 1]**

**(2) The plaintiff's complaint is dismissed in its entirety for the plaintiff's failure to inform the court that he had "struck out" under  28 U.S.C. § 1915(g);**

**(3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher.  Thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory  fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**(4) The plaintiff shall notify the clerk of the court of a change of address within seven days of such change.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**(5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this __20th_____ day of February, 2007.


**s\Harold A. Baker**

_____
HAROLD A. BAKER
U.S. DISTRICT JUDGE